UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **In re:** | ) |
| | ) Bankruptcy No. 14-B-84356 |
| **ENRIQUE JAIME,** | ) |
| Debtor. | ) Adversary No. 16-A-96048 |
| | ) |
| _____ | ) Chapter 7 |
| | ) |
| **PATRICK S. LAYNG,** | ) Judge Lynch |
| United States Trustee, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| **ENRIQUE JAIME,** | ) |
| Debtor. | ) |

### AMENDED MEMORANDUM OPINION[1]

The United States Trustee commenced this proceeding to deny Enrique Jaime a discharge under Chapter 7 of the Bankruptcy Code. The parties are at issue and discovery now is underway. Central to the plaintiff's case are the allegations that the Debtor had a material interest in Laredo Systems, Inc. and related entities that he failed to disclose when required to do so in his sworn bankruptcy schedules and in his testimony at the meeting of creditors. The U.S. Trustee brings the pending motion *in limine*[2] to preclude evidence "pertaining to the corporate legal status of Laredo Systems, Inc. and/or Laredo Systems, LLC." (UST Mot. at 1.) The U.S. Trustee argues that the issue was decided earlier this year in a Memorandum Order issued in wage claim litigation

---

[1] This Amended Memorandum Decision is entered pursuant to Fed. R. Civ. P. 60(a), as made applicable herein by Fed. R. Bankr. P. 9024, to correct clerical mistakes or omissions found in the in the original Memorandum Decision that issued August 31, 2017. (ECF No. 49.) Accordingly, this Amended Memorandum Decision supersedes and replaces the original Memorandum Decision.
[2] Motion *in Limine* to Bar Defendant from Introducing Evidence or Testimony Relitigating the Honorable Milton I. Shadur's Memorandum Decision Regarding the Legal Status of Laredo Systems, Inc. and Laredo Systems, LLC (ECF No. 37).

brought in the District Court for the Northern District of Illinois by certain former employees against the two companies and Mr. Jaime,[3] and that the defense should be barred from further contesting the issue under the principles of collateral estoppel. (*Id.* at 1, ¶ 18.) For the reasons discussed below, the motion will be denied.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a matter arising under title 11 and is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A), (J) and (O). Because matters such as this "stem[] from the bankruptcy itself," this Court has constitutional and statutory authority to enter a final order in this proceeding. *Stern v. Marshall*, 546 U.S. 500 (2011).

## PROCEDURAL AND FACTUAL BACKGROUND

Through the amended adversary complaint, the United States Trustee seeks to deny the Debtor a discharge under Sections 727(a)(4)(A), (a)(2), (a)(6) and (a)(4)(D) of the Bankruptcy Code. Count I alleges that the Debtor intentionally failed to disclose in his bankruptcy schedules his interest in various entities as well as his interest in various vehicles and equipment, and that his bankruptcy schedules contained false information about his income and falsely stated that he had transferred his interest in Laredo Systems and Laredo Systems, LLC. (Am. Compl. ¶ 43. a., c. - e.) The U.S. Trustee's pleading further avers that Mr. Jaime falsely testified under oath at his Section 341 meeting of creditors that his schedules were correct, that he had transferred his interest in Laredo Systems to his brother prior to filing his bankruptcy petition and that he had "never

---

[3] Jose Guzman, Jaime Mercado, Bernardo Mercado, Cristano Pichardo and Celestino Mercado v. Laredo Systems, Inc., Laredo Systems, LLC and Enrique Jaime, case number 10-CV-01499 (the "District Court Litigation").

2

used" Laredo Systems, LLC. (*Id.* ¶ 44. b. - d.) The Debtor answered the complaint and the parties commenced discovery. The U.S. Trustee now argues that the Debtor should be precluded from admitting evidence or testimony pertaining "to the corporate legal status of Laredo Systems, Inc. and/or Laredo Systems, LLC as the legal status of these entities has already been decided by the" District Court. (UST Mot. at 1.)[4] In support of his argument, the U.S. Trustee directs this Court to the Memorandum Order issued on January 18, 2017 in the District Court Litigation and specifically its statement "that all operations of Jaime's landscaping business were conducted by him as a sole proprietorship d/b/a Laredo Systems." (Memorandum Order, UST Motion Ex. 1 at 2, the "District Court Order".)

The District Court Litigation commenced on March 5, 2010. The plaintiffs in that case allege that Laredo Systems, Inc., Laredo Systems, LLC and Enrique Jaime (the "District Court Defendants") failed to pay the plaintiffs overtime pay as required by the Fair Labor Standards Act, and generally failed to pay them as required by the Illinois Minimum Wage Act and the Illinois Prevailing Wage Act. On October 19, 2012, Judge Manning entered partial summary judgment as to liability in favor of the plaintiffs on all three counts[5] and continued the matter for a hearing on damages. The case subsequently was reassigned to Judge Shadur who on February 14, 2013, granted the plaintiffs an interim award of $167,862.50 in attorneys' fees and $11,890.52 in expenses. At that time the District Court scheduled a pretrial conference for the hearing on the

---

[4] Notwithstanding the apparently narrow focus of the motion, however, the U.S. Trustee proposes in his proposed order filed in connection with the Motion a potentially broader bar of issues to be heard, not limited to the legal status of Laredo Systems, Inc. and/or Laredo Systems, LLC. The proposed order seeks an order precluding evidence or testimony disputing "that all operations of Jaime's landscaping business were conducted by him as a sole proprietorship d/b/a Laredo Systems." (Proposed Order, ECF No. 39). The proposed findings of fact in the proposed order are potentially even broader, requesting a finding that the requirements for issue preclusion have been met for "the issue of the business structure of the Laredo entities," with no definition of the term "Laredo entities." (*Id.*)

[5] Except with respect to the minimum wage claim as to plaintiff J. Mercado, who apparently had been paid a higher daily rate than the others.

3

issue of damages for November 14, 2014. (Order, Feb. 14, 2013, Case No. 10-CV-01499, ECF No. 131.)[6] Shortly before that date, the plaintiffs moved for entry of a rule to show cause why the District Court Defendants should not be held in contempt for their failure to pay the fees awarded by the District Court.

The Debtor filed his petition for protection under Chapter 7 of the Bankruptcy Code in this Court on November 14, 2014. Judge Shadur struck the scheduled pre-trial conference and on January 12, 2015, entered an order denying the motion for rule to show cause without prejudice to its possible resubmission to the District Court "if and when the bankruptcy stay lifted, or in proceedings in the bankruptcy court."[7] On September 14, 2015, the plaintiffs renewed their motion to ask the District Court to enter a rule to issue against Laredo Systems, LLC and Laredo Systems, Inc. "and/or their successors in interest," asking the District Court to hold the respondents in contempt for, among other things, their failure to pay the fees awarded by the District Court in February 2013. On April 26, 2016 Judge Shadur granted the amended motion and ordered the production of certain documents related to the formation of the Laredo entities. He also set the matter over for a status hearing on May 24, 2016. Judge Shadur later denied the request of Mr. Jaime, the Debtor in this case, to stay the contempt proceeding on account of his pending bankruptcy case and the adversary proceeding brought by the Chapter 7 Trustee against the Laredo Defendants, but continued the contempt matter several times until January 12, 2017 when he conducted an evidentiary hearing, continued on January 17, 2017. (District Court Order, UST Mot. Ex.1, at 2.) The Debtor testified at that hearing. Also present and participating was attorney

---

[6] The District Court Order is the source for the preceding description of the earlier orders in the District Court Litigation.
[7] Order, Jan. 12, 2015, Case No. 10-CV-01499, ECF No. 152. Judge Shadur initially seems to have been misinformed that Laredo Systems LLC had also filed for bankruptcy, as the January 12, 2015 order states that Laredo Systems LLC "had just filed for bankruptcy." *Id.*

4

David J. Brown, Debtor's counsel of record in this adversary proceeding. It appears that in the District Court Litigation Mr. Brown represented Mr. Jaime as well as Laredo Systems, Inc. and Laredo Systems, LLC. (*See* Tr. dated January 12, 2017, Case No. 10-CV-01499, UST Mot. Ex. 2. *See also* Tr. dated April 1, 2016 at 3, UST Mot. Ex. 3.) The Memorandum Order mentions at one point that "a filing in bankruptcy by individual defendant Jaime created a statutory automatic stay as to him" but further states that "in part because Jaime's post-bankruptcy-filing activities appeared to create a potential for recovery on the judgment order against him, this Court conducted an evidentiary hearing involving all three judgment order debtors." (UST Mot. Ex. 1. at 2.)

On January 18, 2017, Judge Shadur entered the Memorandum Order. At the outset, the District Court Order notes that it "developed during [the January 2017] hearing without dispute that both Laredo Systems, Inc. and Laredo Systems, LLC had been organized at Jaime's request by counsel representing him, but that neither of those corporations had ever functioned in any respect -- each was a mere sham, a totally empty shell. Instead all operations of Jaime's landscaping business were conducted by him as a sole proprietorship d/b/a 'Laredo Systems' -- without even the pretense of any corporate activity." (*Id.* at 2.) Judge Shadur states that he finds the Debtor "fully responsible personally" for the entire $179,753.02 in fees awarded in February 2013 in favor of the plaintiffs. The order states that [b]ecause of the defendants' joint and several liability for the obligation of $179,753.02 embodied in the [February 2013] Order, although any claimed responsibility of the totally nonfunctioning corporations – Laredo Systems, Inc. and Laredo Systems, LLC – is meaningless in legal terms, Jaime is fully responsible personally for that entire amount." (*Id.* at 2-3.) However, it then goes on to say that "the Court has not been provided with sufficient input to determine whether enforcement of the judgment order against

Jaime individually can be pursued in this federal district court or whether, alternatively, such enforcement must be the subject of a state court action." (*Id.* at 3.)

## DISCUSSION

The U.S. Trustee brings this motion before the close of discovery, asserting that the requested relief will "streamline the trial process by enabling the Court to rule in advance, avoid unnecessary litigation of an issue already determined, and narrow evidentiary issues for trial." (UST Mot. ¶ 9.) Motions *in limine* are a procedural device to obtain a preliminary ruling on the admissibility of evidence "'to eliminate from further consideration evidentiary submissions that clearly ought not to be presented to a jury.' . . . [and] permit 'the parties to focus their preparation on those matters that will be considered by the jury.'" *Fermazin v. Menard, Inc.*, 2017 U.S. Dist. LEXIS 49554, *2-3 (N.D. Ill., March 31, 2017) (quoting *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).[8] A federal court's inherent authority to manage the course of a trial includes the power to rule on motions *in limine*. *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984). Judges have broad discretion when ruling on motions *in limine*. *Fermazin*, 2017 U.S. Dist. LEXIS 49554 at 3 (citing *United States v. Ajayi*, 808 F.3d 1113 (7th Cir. 2015); *Jenkins v. Chrysler Motors Corp.*, 216 F.3d 663, 664 (7th Cir. 2002)).

However, the motion's proponent bears a heavy burden. Evidentiary rulings ordinarily should not be made until trial where the court can resolve evidentiary issues in their "proper context." *Lupescu v. Napolitano*, 2011 U.S. Dist. LEXIS 37165, *2 (N.D. Ill., April 6, 2011) (citations omitted). *See also SmithKlineBeecham Corp. v. Apotx Corp.*, 247 F. Supp. 2d 1011, 1042

---

[8] The exercise of this power also may be appropriate in adversary proceedings tried before a bankruptcy judge. "Although motions *in limine* may be less important in bench trials, . . . no categorical bar exists to prohibit their submission at bench trials." *Jacobson v. Marino*, 2011 U.S. Dist. LEXIS 40639, *8 (N.D. Ill., April 12, 2011) (affirming the bankruptcy court in a § 523(a)(6) action excluding *in limine* defense witnesses exhibits based on collateral estoppel) (internal citations omitted).

(N.D. Ill. 2003) (Posner, J.) ("In a bench trial it is an acceptable alternative to admit evidence of borderline admissibility and give it the (slight) weight to which it is entitled."), *aff'd on other grounds*, 403 F.3d 1331 (Fed. Cir. 2005). A court will only grant a motion *in limine* where the movant demonstrates that the evidence "is inadmissible on all potential grounds." *Id. See also Bone Care Int'l, LLC, v. Pentech Pharmaceuticals, Inc.*, 2010 U.S. Dist. LEXIS 104549, *5 (N.D. Ill., September 30, 2010). Further, the ruling on a motion *in limine* is "essentially an advisory opinion" and preliminary, *Wilson v. Williams*, 182 F.3d 562, 570-71 (7th Cir. 1999) (Coffey, J., dissenting), and subject to change. *Lupescu*, 2011 U.S. Dist. LEXIS 37165 at *2 (citing *Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006)). "Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling. *Luce v. United States*, 469 U.S. at 41-42.

In this proceeding, the U.S. Trustee seeks to deny the Debtor a bankruptcy discharge for actual fraud pursuant to Section 727(a) of the Bankruptcy Code. He now moves *in limine*, to bar the Debtor from presenting at trial – and, presumably, to relieve the parties from conducting pre-trial discovery about – evidence "pertaining to the corporate legal status of Laredo Systems, Inc. and/or Laredo Systems, LLC." The U.S. Trustee argues that the issue "had already been decided" by Judge Shadur in the District Court Order and, therefore, the Debtor should be collaterally estopped from contesting the issue in this proceeding. (UST Mot. at 1, ¶ 18.)

The Supreme Court has held that because the Bankruptcy Code grants bankruptcy courts sole jurisdiction to determine the dischargeability of debts based on the actual fraud exception, prior state court judgments do not have *res judicata* effect to such dischargeability matters, but "collateral estoppel principles do indeed apply in discharge exception proceedings." *Grogan v. Grogan*, 498 U.S. 279, 284 n.10, 11 (1991). *See also Brown v. Felsen*, 442 U.S. 127, 129-30

7

(1979). Similarly, the determination whether to grant or deny a discharge under § 727(a) is solely within the bankruptcy court's jurisdiction, but collateral estoppel may apply to foreclose relitigation of identical issues. *See, e.g. Cohen v. Bucci*, 103 B.R. 927, 929 (N.D. Ill. 1989).

The "preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507-08 (2001)). Issue preclusion, also referred to as collateral estoppel, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." 553 U.S. at 892 (internal citation and quotation marks omitted). The doctrine protects against "the expense and vexation attending multiple lawsuits, conserv[es] judicial resources, and foste[rs] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* (citing *Montana v. United States*, 440 U.S. 147, 153-54 (1979)). Subject to certain exceptions, "the general rule is that '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1303 (2015) (quoting Restatement (Second) of Judgments § 27, p. 250 (1980)).

At least in the context of a federal judgment under a federal cause of action, the Seventh Circuit has identified four elements necessary for issue preclusion: "(1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014)

(citing *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir.2011)).[9] Because issue preclusion is an affirmative defense, the party asserting it bears "the burden to set forth facts sufficient to satisfy each element of the defense." *Adair v. Sherman*, 230 F.3d 890, *La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 906 (7th Cir. 1990) (citing *Blonder-Tongue Laboratories, Inc. v. University of Ill. Found.*, 402 U.S. 313, 350 (1971)).

In their briefs, the Debtor and the U.S. Trustee primarily dispute whether the Debtor was fully represented in the District Court Litigation, with the U.S. Trustee noting that the Debtor was represented by counsel and testified in the proceeding while the Debtor argues that the District Court Litigation was stayed against him because of the automatic stay in his still-pending bankruptcy case. However, the Court need not address that issue because the U.S. Trustee has failed to meet his burden of showing that the order upon which he relies was a final judgment and that an issue essential/necessary to the purported judgment is identical to one at issue in this litigation.

The motion *in limine* seeks to impose the principal of collateral estoppel in connection with the Debtor's pleading "that Laredo Systems is a 'family-owned business with his mother and siblings.'" (UST Mot. ¶ 12; Answer to Complaint, ECF No. 24, ¶ 26.) The Debtor gave that

---

[9] At least one of the causes of action in the underlying action is a federal cause of action under the Fair Labor Standards Act. *See CFE Group, LLC v. Firstmerit Bank, N.A.*, 809 F.3d 346, 351 (7th Cir. 2015) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001). (noting that the "federal reference to state law will not obtain, of course, in situations in which the state law is incompatible with federal interests"). Under Illinois law the movant bears the burden of demonstrating: "(1) the issue decided in the prior adjudication [is] identical to the issue presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication ... (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication," (4) the decision on the issue was "*necessary for the judgment* in the first litigation," (5) the person to be bound "actually litigated the issue in the first suit [and] had both a full and fair opportunity and an adequate incentive to litigate" and (6) "no unfairness would result." *Kykta v. Ciaccio*, 633 Fed. Appx. 340, 344 (7th Cir. Dec. 22, 2015) (citing *Talarico v. Dunlap*, 685 N.E.2d 325, 328 (Ill. 1997)). An older requirement "of 'identical-parties-mutuality' has been eliminated." *Talarico*, 685 N.E.2d at 328. But Illinois law is no less restrictive than federal law. As will be seen below, the extent, if any, that federal common law might invoke Illinois law on the preclusive nature of any judgment on state law claims will not change the outcome here.

9

particular answer in response to the U.S. Trustee's allegation that "[c]ontrary to the Defendant's statements on his bankruptcy papers and in his testimony at the Section 341 meeting, the Defendant had not transferred Laredo Systems, and he continued to own, operate, and control Laredo Systems when he filed bankruptcy." (Am. Compl., ECF No. 27, ¶ 26.) The motion *in limine* argues that that the "issue was already litigated and decided by the District Court," relying on Judge Shadur's "Memorandum Order [issued] on January 18, 2017 ... finding that '... all operations of Jaime's landscaping business were conducted by him as a sole proprietorship d/b/a 'Laredo Systems' – without even the pretense of any corporate activity.'" (UST Mot. ¶¶ 8, 12-13.)

The first problem with this argument is that the District Court Order does not appear to be a final judgment for purposes of preclusion. The "black-letter rule is that the doctrine of res judicata requires a final judgment ... whether one is speaking of res judicata in its narrow sense ('claim preclusion') as a bar against relitigating or splitting claims, or of collateral estoppel ('issue preclusion')." *Amcast Indus. Corp. v. Detrex Corp.*, 45 F.3d 155, 158 (7th Cir. 1995). The primary question here is "whether there is a final judgment in the sense of 28 U.S.C. § 1291 and then whether, if not, the absence can be overlooked" for certain "occasional exceptions." 45 F.3d at 158-59. *See also Bell v. Taylor*, 827 F.3d 699, 707 (7th Cir. 2016) (noting that the 7th Circuit has adopted a relaxed concept of finality for purposes of collateral estoppel whereby "[t]o be 'final' for purposes of collateral estoppel the decision need only be immune, as a practical matter, to reversal or amendment. 'Finality' in the sense of [the finality required for appellate jurisdiction] is not required.").

At least where – as here – the complaint seeks monetary relief rather than a mere declaratory judgment, a judgment as to liability which leaves unresolved the amount of damages to be awarded is not a final judgment for purposes of 28 U.S.C. § 1291. *Liberty Mut. Ins. Co. v.*

10

*Wetzel*, 424 U.S. 737, 742 (1976) ("It is obvious from the District Court's order that respondents, although having received a favorable ruling on the issue of petitioner's liability to them, received none of the relief which they expressly prayed for."). As the Seventh Circuit held in *JMS Dev. Co. v. Bulk Petroleum Corp.*, "[u]ntil their liability has been so quantified, the order requiring defendants to pay for the clean-up [under the federal Resource Conservation and Recovery Act] is not final in the sense that section 1291 requires." 337 F.3d 822, 827 (7th Cir. 2003). Here, although Judge Manning had entered an order solely as to liability on October 19, 2012,[10] that order is not final for purposes of 28 U.S.C. § 1291 because it did not adjudicate the requested monetary damages. Nor is the February 14, 2013 fee award final for purposes of 28 U.S.C. § 1291 as it did not resolve the requested monetary damages and by its own terms was only an "interim" award. Nor is the District Court Order relied upon different from its predecessors with regard to its finality. The "Memorandum Order" was entered in connection with a motion for rule to show cause why the Laredo Defendants should not be held in contempt for failure to comply with the February 14, 2013 order. And yet, the order does not deny or grant the motion. It neither holds the Laredo Defendants in contempt nor issues a rule to show cause. Indeed, it orders nothing at all. Instead, it merely states in writing that the District Court:

> [H]eld at the conclusion of the hearing, with counsel for each side concurring without objection in the following rulings:
>
> 1. Because of the defendants' joint and several liability for the obligation of $179,753.02 embodied in the Order, although any claimed responsibility of the totally nonfunctioning corporations -- Laredo Systems, Inc. and Laredo Systems, LLC -- is meaningless in legal terms, Jaime is fully responsible personally for that entire amount.
>
> 2. This Court has not been provided with sufficient input to determine whether enforcement of the judgment order against Jaime individually

---

[10] An order that the U.S. Trustee has not provided with its papers and apparently does not rely upon.

> can be pursued in this federal district court or whether, alternatively, such enforcement must be the subject of a state court action.

(UST Mot. Ex. 1.)

Indeed rather than adjudicating whether the Debtor should be held in contempt for not complying with the February 2013 order, the "Memorandum Order" states that the District Court "has not been provided with sufficient input" to determine whether enforcement in that court is appropriate. This is far from a final judgment, if a judgment at all. Even the determination that the Debtor "is fully responsible personally for that entire amount" owed under the February 2013 order adds nothing, since he was already expressly named as one of the parties "jointly and severally liable" and ordered to pay the attorney's fees in the February 2013 order. (Order, Feb. 14, 2013, Case No. 10-CV-01499, ECF No. 131.) Even if the motion for rule to show cause could be considered to be a postjudgment proceeding, a "postfinal order will be treated as 'final' for purposes of section 1291 if it 'dispose[s] of all issues raised in the post-judgment motion.'" *JMS Dev. Co.*, 337 F.3d at 825 (quoting *Transportation Cybernetics, Inc. v. Forest Transit Comm'n*, 950 F.2d 350, 352 (7th Cir. 1991)). It is evident that the "Memorandum Order" does not dispose of all issues raised in the motion as it does not even address the central issues of whether the Debtor should be held in contempt or a rule issue.

Nor has the U.S. Trustee demonstrated that the apparently preliminary and advisory District Court Order may be treated as final for purposes of collateral estoppel despite not being final for purposes of appeal. In *Bell v. Taylor*, the Seventh Circuit stated that it had "adopted the Second Circuit's relaxed concept of finality." 827 F.3d at 707 (quoting *Lummus Co. v. Commonwealth Oil Ref. Co.*, 297 F.2d 80 (2nd Cir. 1961)). The decision cited for this concept stated that "[w]hether a judgment, not 'final' in the sense of [finality for appeal under] 28 U.S.C. § 1291, ought nevertheless be considered 'final' in the sense of precluding further litigation of the

same issue, turns upon such factors as the nature of the decision (i.e., that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review." *Lummus, 297 F.2d at 89*. In discussing the concept in *Amcast Indus. Corp. v. Detrex Corp.*, the Seventh Circuit gave as an example its earlier ruling in *Avitia v. Metropolitan Club of Chicago, Inc.*, where the court found that collateral estoppel precluded a party from filing a second motion for preliminary injunction despite the fact that a denial of a request for a preliminary injunction is not final for purposes of appeal when the party brought its motion after losing on its first preliminary injunction motion before the same court. 45 F.3d 155, 159 (7th Cir. 1995) (citing *Avitia*, 924 F.2d 689 (7th Cir. 1991)). The Seventh Circuit emphasized that the movants "had had a full and fair opportunity to litigate the issue" and could have sought leave to appeal the ruling as an interlocutory decision under 28 U.S.C. § 1292 but had instead "deliberately delayed in seeking an authoritative resolution." 45 F.3d at 159. In contrast here, the U.S. Trustee seeks to use the District Court Order in a drastically different context: the potential denial of discharge of all of the Debtor's debts, rather than collection of one debt. Additionally, because of the interrelationship between the automatic stay in the Debtor's still-pending bankruptcy case, it may not have been entirely clear to the Debtor at the time of the hearing in what capacity he was acting.

But even were the Memorandum Order to fall within the 'relaxed concept of finality' for purposes of collateral estoppel, the U.S. Trustee has not demonstrated that the issues adjudicated by that order are identical to those in the adversary complaint, or even that such adjudication was essential or necessary to the order entered. As noted above, the "Memorandum Order" did not actually order anything or let alone enter a judgment. Indeed, the U.S. Trustee does not even rely on the "rulings" listed at the end of the order. Moreover, the language relied upon comes in the

context of a discussion of the relationship between the Debtor and Laredo Systems, Inc. and Laredo Systems, LLC. Before reaching his "rulings",[11] Judge Shadur wrote:

> It developed during that hearing without dispute that both Laredo Systems, Inc. and Laredo Systems, LLC had been organized at Jaime's request by counsel representing him, but that neither of those corporations had ever functioned in any respect -- each was a mere sham, a totally empty shell. Instead all operations of Jaime's landscaping business were conducted by him as a sole proprietorship d/b/a "Laredo Systems"[1] -- without even the pretense of any corporate activity.[2]
>
> [1] P. Ex. 7 comprised 143 checks issued to "Laredo Systems" (not one of the checks had the meaningless "Inc." or "LLC" tacked on) in payment for landscaping services performed by Jaime's sole proprietorship, with the aggregate of those payments running into several million dollars.
>
> [2] This memorandum order will not pause to address the numerous ways in which Jaime prepared and submitted false documentation (including a good many in the names of one or the other of the nonfunctioning corporate shells) in conjunction with his conduct of business as his own sole proprietorship. Nor will this Court address the legal significance of Jaime's payment of all his personal living expenses (and his mother's as well) out of the landscaping business' funds.

(UST Mot. Ex. 1 at 2.) In the Motion the U.S. Trustee argues that the District Court Order "was clear that Laredo Systems is not a family business," (UST Mot. ¶ 15) but the order does not make such a finding. The District Court's Order determines that the business conducted by the Debtor was not conducted through the corporate entities and his liability for those actions should not be limited or shielded by corporate law. It is clear from context that it is in this sense that the District Court uses the term "sole proprietorship" – in contrast to corporation or limited liability company – and not as the U.S. Trustee now would suggest in the sense of "alone." Additionally, the adversary complaint alleges only that the Debtor had not transferred his interest in Laredo Systems prior to the petition date and continued to own, operate and control Laredo Systems as of the petition date. In contrast, the order does not specify the time that the Debtor conducted business as "Laredo Systems."

---

[11] The Memorandum Order notes that "counsel for each side concur[ed] without objection" to the rulings. *Id.* at 2.

## CONCLUSION

The U.S. Trustee has failed to meet the "heavy burden" of demonstrating that the Debtor should be collaterally estopped *in limine* from presenting any testimony or evidence in the adversary proceeding on the basis of the preliminary and limited Memorandum Order in the District Court and that such evidence is "inadmissible on all potential grounds." *Lupescu*, 2011 U.S. Dist. LEXIS 37165, *2. Accordingly, the Motion *in Limine* to Bar Debtor will be DENIED. A separate order will be entered with this decision pursuant to Federal Rule of Bankruptcy Procedure 9021.

September 1, 2017

ENTER:

Thomas M. Lynch
United States Bankruptcy Judge